IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MONARCH CONSTRUCTION, INC., and DAVID LEE BOYD, | ) ) ) | |
| Plaintiffs, | ) ) | 8:04CV519 |
| v. | ) ) ) | |
| GARY COOPER, and BUTCH MICHAEL HOMES, | ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

Pending before me is the plaintiffs' Motion to Amend Complaint and to Respond to Defendants' Partial Summary Judgment After Amendment.  Filing 59.  The plaintiffs seek to add a claim for unfair competition, to remove their constructive trust and deceptive trade practices claims, and to concede that David Lee Boyd has sole standing to pursue the infringement claim.  See filing 59.

The proposed second amended complaint has not been filed with the motion.  Therefore, the plaintiffs' motion to amend is improperly supported under this court's local rules.  NECivR 15.1(a) states:

> A party who moves for leave to amend a pleading (including a request to add parties) shall file as an attachment to the motion an unsigned copy of the proposed amended pleading. Except as provided in these rules or by leave of court, the proposed amended pleading must be a complete pleading which, if allowed to be filed, supersedes the pleading amended in all respects; no portion of the prior pleading may be incorporated into the proposed amended pleading by reference.  The motion for leave to amend shall set forth specifically the amendments proposed to be made to the original pleading, state whether the motion is

unopposed, and identify the amendments in the proposed
amended pleading.

The plaintiffs' motion to amend is also untimely filed.
Pursuant to the court's Order Scheduling Initial Progression of
Case, filing 18, the deadline for amending pleadings was April
16, 2005.  The defendants' motion for summary judgment was filed
on October 28, 2005.  Filing 53.  The plaintiffs have not
responded to the motion for summary judgment.  Instead, on
November 17, 2005, they moved to amend their complaint.  Filing
59.  The parties have filed their lists of expert and non-expert
witnesses for use at trial, (see filings 57, 65, 66, and 67), and
the pretrial conference is scheduled for February 14, 2006.

Leave to amend under Federal Rule of Civil Procedure 15(a)
"shall be freely given when justice so requires."  Fed. R. Civ.
P. 15(a).  A motion for leave to amend should be granted unless
there is a good reason for denial, "such as undue delay, bad
faith, or dilatory motive, repeated failure to cure deficiencies
by amendments previously allowed, undue prejudice to the
non-moving party, or futility of the amendment."  Bediako v.
Stein Mart, Inc., 354 F.3d 835, 840-41 (8th Cir. 2004)(quoting
Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 907-908 (8th
Cir. 1999)(quoting Brown v. Wallace, 957 F.2d 564, 566 (8th Cir.
1992)).

The proposed amended complaint apparently seeks to add a new
"unfair competition" claim.  However, the deadline for seeking
leave to add this claim was April 16, 2005.  When a party seeks a
late amendment to its pleadings after the time for doing so
established by a pretrial order has passed, the court must
consider that Rule 15 of the Federal Rules of Civil Procedure is
to be construed liberally, but it also considers the reasons for

the noncompliance, the seriousness of the claim or defense sought
to be added, the prejudice, if any, to the opposing parties, and
whether that prejudice can be reduced or eliminated by granting a
continuance in the case.  Popp Telcom v. American Sharecom, Inc.,
210 F.3d 928, 943 (8th Cir. 2000).  The court is not to adhere to
a scheduling order only for the sake of enforcement when doing so
will not further the interests of justice and the interest in
having the dispute decided on its merits.  Krispin v. May Dept.
Stores Co.,  218 F.3d 919, 924 (8th Cir. 2000).  "Delay alone is
not enough to deny a motion to amend; prejudice to the nonmovant
must also be shown."  Bediako, 354 F.3d at 840-41(citing Bell v.
Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)).
However, potential prejudice to the non-moving party may arise
when late-tendered pleading amendments involve new theories of
recovery and impose additional discovery requirements.  Bediako,
354 F.3d at 840-41 (citing Bell, 160 F.3d at 454).

     I conclude the plaintiffs' noncompliance with the court's
local rules, specifically plaintiff's failure to submit a
proposed amended complaint, justifies an order denying the motion
to amend the complaint.  In the absence of a proposed complaint,
the court cannot reasonably determine if the plaintiffs are
presenting a potentially viable new claim which could withstand a
Rule 12(b)(6) motion.  The court is also unable to compare the
amended complaint and the proposed second amended complaint to
determine if the claims raised in these pleadings arise from the
same core of operative facts.  Failing to file the proposed
amended complaint places the opposing parties and the court in
the position of having to speculate as to how the plaintiffs' new
theory will be alleged, and, having so speculated, determining
whether those likely allegations actually state a claim upon
which relief may be granted.  Unless justice otherwise requires,

3

this court adheres to the local rules.  It will not engage in a
supposition-upon-supposition analysis to determine whether leave
to file an amended complaint should be granted.

     Moreover, the plaintiffs have submitted no brief in support
of their proposed pleading amendments, and their motion does not
explain what, if any, prejudice the plaintiffs will suffer if
their proposed amendments are not permitted.  There is no showing
that the plaintiffs' failure to move to amend in accordance with
court's deadlines, and at least before a summary judgment motion
was filed and all witnesses for trial disclosed, was justified.
There is nothing of record indicating the plaintiffs must now
amend due to newly discovered facts.  I further find that adding
a new "unfair competition" theory of recovery will potentially
require re-opening discovery efforts and will substantially delay
the resolution of a case that has already been pending for over a
year.

     For all these reasons, I conclude the plaintiffs' motion to
amend should be denied.  See Bediako, 354 F.3d at 840-41 (where
theory of recovery was not raised in the initial or amended
complaint, defendant was not placed on notice of the proposed
claim, discovery had closed, and defendant had moved for summary
judgment, the district court did not abuse its discretion by
denying the plaintiff request to amend and add a new legal
theory).

     The plaintiffs filed their motion for leave to amend rather
than timely responding to the defendants' motion for summary
judgment.  Although I shall deny the motion to amend, I shall
grant plaintiffs' counsel leave to file a response to the motion
for summary judgment.

IT THEREFORE HEREBY IS ORDERED:  The plaintiffs' Motion to
Amend Complaint and to Respond to Defendants' Partial Summary
Judgment After Amendment, filing 59, is granted in part and
denied in part as follows:

1.    The plaintiffs' Motion for leave to amend their
      complaint is denied.

2.    The plaintiffs are given until January 9, 2006 to file
      their response to the defendants' motion for summary
      judgment.

DATED this 27th day of December, 2005.


                        BY THE COURT:

                        s/ *David L. Piester*

                        David L. Piester
                        United States Magistrate Judge