IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MONARCH CONSTRUCTION, INC., | ) | |
| and DAVID LEE BOYD, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:04CV519 |
| | ) | |
| v. | ) | |
| | ) | |
| GARY COOPER, and BUTCH | ) | MEMORANDUM AND ORDER |
| MICHAEL HOMES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before me is the defendants' motion to compel, filing 56, and the plaintiffs' motion for additional time to respond to the defendants' discovery, filing 60.  The defendants served their second set of interrogatories and requests for production on each of the plaintiffs on September 21, 2005. Fling 56, exs. A-D.  Neither plaintiff timely responded.

Defense counsel sent a letter to the plaintiffs' counsel on October 25, 2005.  The letter asserted that any objections to the discovery had been waived by the plaintiffs' failure to timely respond to the discovery, and the letter demanded answers to the pending discovery within ten days.  Filing 56, ex. E. Plaintiffs' counsel did not immediately respond.

A followup e-mail was sent by defense counsel to plaintiffs' counsel during the morning of Monday, November 7, 2005, again demanding discovery answers and stating that, in the absence of discovery responses "in the next day or two," a motion to compel would be filed.  Filing 56, ex. F.  In a responsive e-mail, plaintiffs' counsel acknowledged the oversight, explained he did not realize a second set of discovery had been served, and asked

if providing answers by Friday, November 11, 2005, would be acceptable.  At approximately 10:00 a.m. on November 7, 2005, defense counsel responded that "if I have the complete document responses and complete verified interrogatory answers on Friday, November 11, 2005, that is acceptable," but further asserted the defendants' position that any objections to the discovery were untimely raised and were therefore waived.  Counsel for the defendants asked for confirmation that answers would be provided by the plaintiffs with no objections raised.  Filing 56, ex. F.

As of 4:21 p.m. on November 8, 2005, the plaintiffs had not admitted that their discovery objections were waived.  The defendants' counsel e-mailed plaintiffs' counsel and stated they since it appeared the parties did not agree on whether objections were waived, a motion to compel would be filed, but the defendants would withdraw the motion if complete discovery answers, without objections, were served by November 11, 2005.

The defendants' motion to compel was filed at 4:38 p.m. on November 8, 2005.  On November 17, 2005, the plaintiffs moved for additional time to respond to the defendants' second set of interrogatories and requests for production and their requests for admissions.  Filing 60.  The plaintiffs state they overlooked this discovery and need additional time to respond.  They are apparently unwilling to agree that their objections, if any, are waived.

The defendants' motion to compel will be granted, and the plaintiffs' motion for additional time denied.  In addition to having waived their objections by failing to timely raise them, the plaintiffs have yet to advise this court as to what, if any,

2

objections they would raise to the defendants' unanswered discovery.  The court therefore cannot discern what, if any, prejudice the plaintiffs will incur if all objections are deemed waived.  Moreover, when initially advised that the defendants intended to file a motion to compel, the plaintiffs offered to respond to the pending discovery by November 11, 2005.  In light of this offer, and the lack of any evidentiary support for granting additional time, I cannot discern why the plaintiffs did not answer the pending interrogatories and requests for production by November 11, 2005, but rather filed a motion for additional time to respond on November 17, 2005.

I find that the plaintiffs' actions and inactions in failing to respond to defendants' second set of interrogatories and requests for production were not substantially justified, and the plaintiffs have, without court approval, delayed the discovery process and potentially the progression of this case.  Under Rule 37 (a), the defendants are entitled to an award for the expenses and attorneys fees incurred in bringing this motion.

IT THEREFORE HEREBY IS ORDERED:

1.   Defendants' motion to compel, filing 56, is granted.

2.   Plaintiffs' motion for additional time to respond to the defendants' requests for admissions, second set of interrogatories, and second set of requests for production of documents, filing 60, is denied.

3.   On or before January 9, 2006, the plaintiffs shall fully and completely answer to the defendants' second set of interrogatories, and shall produce the documents responsive to the defendants' second set of requests of production of documents.

4.   On or before January 9, 2006, defendants' counsel shall provide to the plaintiffs' counsel an itemized statement of defendants' fees and expenses related to bringing the filing 56 motion.  The parties shall attempt in good faith to reach an agreement regarding the amount to be awarded by the court under Rule 37(a). If no agreement can be reached, defendants' counsel shall submit his application for fees to this court within 30 days of this order and the plaintiffs shall have 14 days to respond.  If either side requests a hearing, the request would be in the application or the response, as applicable.

5.   The clerk shall make any award of attorneys fees and expenses herein a part of any judgment eventually entered in this case unless the parties file a statement with the clerk advising that the award of fees and expenses was paid prior to judgment.


DATED this 27th day of December, 2005.

                    BY THE COURT:

                    s/ *David L. Piester*
                    David L. Piester
                    United States Magistrate Judge

4