```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | |
|---|---|
| MONARCH CONSTRUCTION, INC.,<br>a Nebraska corporation, and<br>DAVID LEE BOYD,<br>an Individual, | )<br>)<br>)    8:04CV519<br>)<br>) |
| Plaintiffs, | )<br>)   MEMORANDUM AND ORDER |
| v. | )<br>) |
| GARY COOPER,<br>an individual, and<br>BUTCH MICHAEL HOMES, INC.,<br>a Nebraska corporation, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Defendants have filed a motion for summary judgment. Summary judgment is proper when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Employers Mut. Cas. Co. v. Wendland, 351 F.3d 890, 893 (8th Cir. 2003). The court must view the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. In re Derailment Cases, 416 F.3d 787, 792 (8th Cir. 2005). An issue of fact is genuine when a "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, "[t]he nonmoving party may not rest on mere allegations or denials, but must show a genuine issue of material fact (or that the movant is not entitled to judgment)." Wenzel v. Mo.-Am. Water Co., 404 F.3d 1038, 1039 (8th Cir. 2005) (internal quotation omitted). Koscielski v. City of Minneapolis, ___ F.3d ___, 2006 WL 167896, 1 (8th Cir. (Minn.) Jan. 26, 2006).

To successfully oppose a motion for summary judgment, the nonmoving party must present evidence of a genuine dispute of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. at 250 (1986). The nonmoving party must present admissible evidence from which a reasonable jury could return a verdict in its favor. This requires more than a scintilla of evidence, and there must be specific facts set forth showing that there is a genuine issue for trial. Davis v. Fleming Cos., Inc., 55 F.3d 1369, 1371 (8th Cir. 1995). Parties to a motion for summary judgment cannot create sham issues of fact in an effort to defeat summary judgment. RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 402 (8th Cir. 1995). Courts must not deprive juries from their role in deciding genuine disputes of material fact; however, parties should not be permitted to fashion a dispute of material fact solely to impede a lawful exercise of granting a motion for summary judgment. American Airlines, Inc. v. KLM Royal Dutch Airlines, Inc., 114 F.3d 108, 110-111 (8th Cir. 1997), citing Wilson v. Westinghouse Elec. Corp., 838 F.2d 286, 289 (8th Cir. 1988).

The complaint in this case raises sixteen claims against the defendants. Subsequent to the filing of the motion, however, the plaintiffs agreed that certain claims raised by the pleadings should be withdrawn. I have listed each claim in the complaint, by whom it is made, and against whom it is made. They are:

A. CLAIMS BY PLAINTIFF MONARCH CONSTRUCTION, INC.:

1. Copyright Infringement against Gary Cooper ("Cooper")
2. Copyright Infringement against Butch Michael Homes Inc. ("Michael")

2

      3.      Deceptive Trade Practices Claim against Cooper
      4.      Deceptive Trade Practices Claim against Michael
      5.      Constructive Trust Claim against Cooper
      6.      Constructive Trust Claim against Michael
      7.      Accounting Claim against Cooper
      8.      Accounting Claim against Michael

B.   CLAIMS BY PLAINTIFF DAVID LEE BOYD:

      1.      Copyright Infringement against Cooper
      2.      Copyright Infringement against Michael
      3.      Deceptive Trade Practices Claim against Cooper
      4.      Deceptive Trade Practices Claim against Michael
      5.      Constructive Trust Claim against Cooper
      6.      Constructive Trust Claim against Michael
      7.      Accounting Claim against Cooper
      8.      Accounting Claim against Michael

In plaintiffs' responsive brief to the motion, plaintiffs abandoned certain claims. They are:

| | |
|---|---|
| A (1) and A (2) | Monarch's claims for Copyright Infringement against both defendants |
| A (3) and B (3) | Monarch's and Boyd's Deceptive Trade Practices claims against Cooper |
| A (5) and (6) | Monarch's Constructive Trust Claim against both defendants |
| B (5) and (6) | Boyd's Constructive Trust Claim against both defendants |

```
        A (7) and (8)          Monarch's Accounting Claims against
                               both defendants
        B (7) and (8)          Boyd's Accounting Claims against
                               both defendants
```

The remaining claims are:

```
        A (4)     Monarch's Deceptive Trade Practices Claim
                  against Michael only

        B (1) and (2)
                  Boyd's Copyright claims against both
                  defendants
```

Because of the plaintiffs' abandonment of the above claims, Defendants' motion for partial summary judgment has now been pared down and addresses Monarch's only remaining claim, that against Michael under the Deceptive Trade Practices Act.

   Monarch alleges in the Amended Complaint that defendant Michael's actions have violated the Nebraska Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 et seq. ("Act") and that as a result, Monarch has suffered damages and will continue to suffer damages or losses in the future.  Monarch prays for damages, injunctive relief, and attorneys fees.  Amended Complaint, Filing 6, para. 25-29.

   Michael's motion claims that the Act does not apply to the circumstances of this case and also that even if it did apply, it would be preempted by the Copyright Act, 17 U.S.C. §§ 301. Plaintiff argues that Butch Michael Builders's use of the

4

misappropriated plans caused public confusion as to the origin of the plans.

The short answer to the defendant's motion lies in defendant's brief in support of it:  Plaintiff Monarch has no copyright infringement claim, because it is neither the "owner" nor an "exclusive licensee" of the plans.  17 U.S.C. § 501(b).  No authority has been cited to the effect that the Copyright Act either does or was intended to dissolve state law claims of related, but different, parties not covered by the Act; rather, the Act states only that it preempts "equivalent" state claims.  17 U.S.C. § 301 (a) and (b).  If Monarch had a copyright claim,

its Deceptive Trade Practices Act claim might be preempted,[1] but since it does not, there can be no preemption.[2]

---

[1] Compare, e.g., M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F. 2d 1486 (11th Cir. 1990) (Act preempted Florida unfair competition claim based on house builder's competitor built house substantially following copyrighted floor plans); Demetriades v. Kaufmann, 698 F. Supp. 521 (S. D. N. Y. 1988)(State claim of unfair competition resulting from defendants' copying misappropriated plans of plaintiff was preempted); Old South Home Co. v. Keystone Realty Group, Inc., 233 F. Supp. 2d 734 (M. D. N. C. 2002) (Act preempted claim of violation of state's Unfair Trade Practices Act by copying plaintiff's house plans and passing them off as its own); with e.g., Intown Enterprises, Inc. v. Barnes, 721 F. Supp. 1263 (N. D. Ga. 1989) (State law unfair competition claim that defendant's use of plaintiff's architectural drawings would likely confuse buyers was not preempted by Copyright Act); Nash v. CBS, Inc., 704 F. Supp. 823 (N. D. Ill. 1989), aff'd, 899 F. 2d 1537 (7th Cir. 1990) (State Unfair Deceptive Trade Practices Act was not preempted because the state act sought to prevent unfair competition, and the Copyright Act sought to secure authors' intellectual property rights); Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc., 785 F. 2d 897, 913 (11th Cir. 1986) (State claim of misrepresenting plaintiff's homes not preempted by Copyright Act, because while the architectural designs were within the Act, the buildings were not).

[2] Were the parties identical, it appears likely that the state Deceptive Trade Practices Act claim would be preempted, because even though it appears to require additional elements of proof not required by the Copyright Act, for example, (a) that the defendant's actions were taken "in the course of his or her business, vocation, or occupation" (§87-302(a)); (b) that the defendant's action "causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services" (§87-302(a)(2)); and (c) that the defendant's act "causes likelihood of confusion or of

6

Defendants also claim that the Deceptive Trade Practices Act ("DTPA") does not apply to the facts of this case. In responding to the motion, while plaintiff alleges in the complaint and argues in its brief that defendant Michael Builders has performed acts which are prohibited by the DTPA, plaintiff has pointed to no evidence whatsoever, and has not filed an evidence index setting forth competent evidence from which a jury could conclude that plaintiff is entitled to a verdict. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 248. As stated above, a "nonmoving party may not rest on mere allegations or denials, but must show a genuine issue of material fact . . . ." <u>Wenzel v. Mo.-Am. Water Co.</u>, 404 F.3d 1038, 1039 (8th Cir. 2005) (internal quotation omitted). Because there is no evidence before the court from which a jury could reach a verdict in Monarch's favor on the DTPA claim, summary judgment for defendant Michael is appropriate on this claim.

IT THEREFORE HEREBY IS ORDERED: Defendants' Motion for Partial Summary Judgment, Filing 53, is granted in part and denied in part, as follows:

---

misunderstanding as to affiliation, connection, or association with, or certification by, another" (§87-302(3)), those elements may not, in the circumstances of the case, take the protection of the state law out of the protection granted by the Copyright Act. <u>Richdale Development Co. v. McNeil Co., Inc.</u>, 244 Neb. 694 (1993), <u>modified</u>, 244 Neb. 936 (1994) (Plaintiff's claim of violation of §87-302 for theft of architectural drawings was preempted by Copyright Act because the interests being protected by both acts--protection against reproduction and distribution of the plans--were the same). <u>Cf</u>., <u>Davidson & Associates v. Jung</u>, 422 F.3d 630, 638 (8th Cir. 2005), citing <u>Nat'l Car Rental Sys., Inc. v. Computer Assocs. Intern., Inc.</u>, 991 F.2d 426, 428 (8th Cir. 1993), <u>cert denied</u>, 510 U.S. 861 (1993) (Copyright Act preempts state laws that attempt to protect rights exclusively protected by federal law and does not preempt state law from enforcing non-equivalent legal or equitable rights).

    1.  Summary Judgment for the defendants is granted with respect to the following claims, and they are dismissed:

        a.  Monarch's claims for Copyright Infringement against both defendants
        b.  Monarch's and Boyd's Deceptive Trade Practices claims against Cooper
        c.  Monarch's Constructive Trust Claim against both defendants
        d.  Boyd's Constructive Trust Claim against both defendants
        e.  Monarch's Accounting Claims against both defendants
        f.  Boyd's Accounting Claims against both defendants

    2.  The motion for summary judgment is also granted with respect to Monarch's claim against Michael Builders under the Nebraska Deceptive Trade Practices Act, and said claim is dismissed.

    DATED January 30, 2006

                      BY THE COURT:

                        s/ *David L. Piester*
                      United States Magistrate Judge