```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| MONARCH CONSTRUCTION, INC., | ) | |
| a Nebraska corporation, and | ) | |
| DAVID LEE BOYD, | ) | 8:04CV519 |
| an Individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | |
| | ) | |
| GARY COOPER, | ) | |
| an individual, and | ) | |
| BUTCH MICHAEL HOMES, INC., | ) | |
| a Nebraska corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Several matters are pending in this case. I shall address them separately.

**<u>Defendants' Motion for Attorneys Fees, Filing 73.</u>**

Defendants have filed an application for fees and expenses in connection with the court's ruling of December 27, 2005 (Filing 70) on defendants' motion to compel (Filing 56). Defendants' counsel has filed an affidavit and billing statement in support of the application. At plaintiffs' request, a hearing was held before me on the application for fees, by telephone conference call on February 1, 2006, after which the matter was submitted.

Plaintiffs argue that the motion to compel was really unnecessary and resulted from a lack of understanding on counsel's part regarding the specific discovery responses that were the subject of the motion; counsel mistook the communications from defendants' counsel as referring to a

different, earlier set of discovery requests.  Plaintiffs further argue that the amount requested is not proportional to the matter at issue in light of the misunderstanding.

Defendants counter that plaintiffs' argument was rejected by the court in the ruling it made in the order granting the motion to compel, and note further that the plaintiffs do not contest the number of hours spent on the motion, nor the hourly rate charged.  In addition, defendants argue that the attorneys' disagreement on waiver---that is, whether plaintiffs had waived their objections to the discovery requests by failing to timely respond---made it clear that the motion to compel was, indeed, necessary, aside from any issues of timeliness.  Defendants further contend that despite all of the disagreements and the court's orders regarding this discovery, plaintiffs have even now not responded to the discovery requests.

Defendants are correct.  In denying the plaintiffs' motion for additional time to respond to the discovery, I rejected plaintiff's attempt to reincarnate their objections outside the time allowed by Federal Rules of Civil Procedure 26, 33, and 34 when they had then already missed their response time, thereby waiving most objections to the propounded discovery.  Since the documents before me demonstrated that plaintiffs' counsel would not agree that waiver had already occurred, the motion was necessary to resolve that question.

Regarding plaintiffs' argument that the fee requested is excessive in relation to the seriousness of the dispute, I find the number of hours spent by counsel and his paralegal were reasonable.  I further find that the rate charged by counsel is

2

slightly high, and I shall reduce it to $160.00 per hour.  In all other respects I find the application reasonable.

**Defendants' Motion for Sanctions or Alternatively, In Limine, Filing**

Defendants have filed a motion for sanctions, arguing that the plaintiffs have not "fully and completely answer [] the defendants' second set of interrogatories, and shall produce the documents responsive to the defendants' second set of requests [for] production of documents" as they were ordered to do when the court granted defendants' motion to compel.  Memorandum and Order, December 27, 2005, Filing 70.  Defendants state that the plaintiffs' responses to interrogatories are not signed and verified and are confusing regarding on which plaintiff's behalf they were served.[1]  In addition, defendants argue that plaintiffs have never revealed to them the damages and calculation of damages plaintiffs intend to seek at trial, nor the witnesses who plaintiffs claims were "confused" by the defendants' actions in respect to the builder and/or origins of the subject residence.

Plaintiffs respond that if defendants' counsel would have thought about the responses in reference to the only remaining claims and/or requested clarification from plaintiffs' counsel, there would have been no confusion.  Plaintiffs also argue that they have disclosed the range of damages they will be seeking at trial, by stating that they will seek damages in the ranges allowed by the Copyright Act.  Additionally, plaintiffs argue

---

[1] Defendants also argue that in some respects the responses were untimely.  I reject that claim.

3

that the defendants' objection to the failure to disclose witnesses is in reality a hearsay objection and should be reserved for trial.

I shall grant the motion.  First, the court's order directing plaintiffs to "fully and completely" answer meant what it said.  In addition, Fed. R. Civ. P. 33 requires interrogatory answers to be made "under oath" of the answering party.  Plaintiffs' responses were not complete, nor clear, nor signed under oath.  Plaintiffs' excuse that defense counsel could have figured it out with little effort does not satisfy the rule's requirements.  I shall order supplemental answers to be served in accordance with the order and Rule 33.

Second, with respect to the plaintiffs' calculation of damages, it is the plaintiffs' burden to show exactly how any claimed damages have been calculated and to disclose that calculation to the defendants in the discovery portion of the case.  This is required by Fed. R. Civ. P. 26(a)(1)(C), as well as the progression orders in the case.  Referring to the statutory range of damages and stating that plaintiffs will seek something within those boundaries is not disclosing either the amount or the calculation.  Nor does plaintiffs' answer to Interrogatory 7 meet the requirement.  It states, "Based on Plaintiffs' own house-building experience, Plaintiffs determined the reasonable lost profits incurred in not building the Cooper House and have used that figure as a representative amount of expected damages."  Filing 92, Exhibit 1.  That answer certainly implies that there has been some calculation done, and some figure arrived at, but neither is disclosed.  Stating only that "lost profits" will be sought is totally inadequate to meet plaintiffs' obligations of disclosure, and arguing that such

amount cannot be known until trial is not only inadequate, but indicates that plaintiffs will be seeking some unidentified amounts of damages in addition to their own "lost profits." There is no justification for failing to disclose the plaintiffs' calculation of damages.

Third, all parties were required by Fed. R. Civ. P. 26(a)(3) and the progression order in this case to disclose their witnesses not later than thirty days prior to the deposition deadline.  This requirement has nothing to do with whether the testimony of any witness is hearsay.  The purpose of the requirement is to allow opponents time within the deposition period to depose the witnesses disclosed if they deem it necessary.  Plaintiffs' failure to disclose witnesses thwarts both the requirement and its purpose, and is not substantially justified.

Fed. R. Civ. P. 37(c) provides for the automatic preclusion of evidence at trial of any information not disclosed during the pretrial phases of a case and which was required to be disclosed by rule of order of court, unless the failure was substantially justified and any effect on the opposing party is harmless. Neither exception applies in this case.  The discovery period is over, trial is looming, and defendants cannot now depose additional witnesses.  Thus, preclusion is required by the rule.

The positions of the parties have demonstrated that counsel would not have been able to work out all of the issues raised in this motion for sanctions.  Nevertheless, I am persuaded that some of the issues could have been compromised if genuine efforts would have been made.  Because counsel did not attempt to work

5

out this difficulty without a motion for sanctions, I shall not award expenses and fees.

**Defendants' Motion For Relief Pursuant to Rule 60, Filing 90.**

Defendants correctly point out that the court erred in setting forth the claims that the plaintiffs were abandoning, by omitting Plaintiff Boyd's claim against Butch Michael Homes, Inc. for violation of the Nebraska Deceptive Trade Practices Act. Plaintiffs have not opposed the motion, although counsel was given an opportunity at the court's telephonic hearing February 1, 2006. I shall grant the motion.

IT THEREFORE HEREBY IS ORDERED:

1. Defendants' motion for attorneys fees and expenses, filing 73, is granted in part, and the amount of $1,240.00 in connection with the discovery motion, filing 56. The clerk shall make this award a part of the judgment eventually entered in this case, unless prior to judgment the clerk is notified in writing that it has been paid, accompanied by evidence of such payment.

2. Defendants' motion for sanctions, filing 77, is granted in part, as follows:

> a. Plaintiffs shall forthwith serve on defendants supplemental answers to interrogatories in accordance with the court's order of December 27, 2005.
>
> b. Unless heretofore otherwise agreed by counsel, plaintiffs shall not be permitted to call to testify at trial any person who was not timely disclosed to defendants in accordance with the progression order.
>
> c. Plaintiffs shall not be permitted to offer evidence at trial of any special or monetary damages.

The motion is denied in all other respects.

3. Defendants' motion for relief pursuant to Rule 60, Filing 90, is granted, and the court's memorandum and order of

6

January 30, 2006, Filing 89, is amended in the following respects:

>a.  The listing of plaintiffs' claims that are abandoned, found on pages 3 and 4 of the memorandum, is amended by adding:  "B (4)  Boyd's Deceptive Trade Practices Act claim against Michael."

>b.  Paragraph 1 of the order is amended to by adding:  "g.  Boyd's Deceptive Trade Practices Act claim against Butch Michael Homes, Inc."

DATED February 10, 2006

>>BY THE COURT:

>>s/ *David L. Piester*
>>United States Magistrate Judge